UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| KEVIN LINDSAY, | : | |
| Plaintiff, | : | No. 3:20-cv-173 (KAD) |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| HEALTH CENTER, et al., | : | |
| Defendants. | : | |

**ORDER RE: Motion to Add Defendants' Correct Names [ECF 28] and Motion to Add Corrigan Staff Listed as John Does [ECF 30]**

Plaintiff, Kevin Lindsay ("Lindsay"), currently confined at Corrigan-Radgowski Correctional Center ("Corrigan") in Uncasville, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. By Initial Review Order filed April 7, 2020, the court determined that the case would proceed on Lindsay's deliberate indifference to medical needs claim in the Amended Complaint against defendants Dr. Feder, and nurses Shaw, Williams, Manoki, KC, and Andrew in their individual capacities only. Subsequently, the Court instructed Lindsay to provide the correct names and work addresses for Dr. Feder, Nurse Amy Manoki, Nurse KC and Nurse Andrew. Doc. No. 26. Dr. Feder has since been identified. See Doc. No. 32.

**Motion to Add Defendants' Correct Names [ECF 28]**

In the instant motion Lindsay identifies the other nurses as Nurse Yvonne M. Marceau, Nurse Amy Benoit, per diem Nurse Andrew, and Nurse Casey Lozada. He states that all defendants work at Corrigan-Radgowski Correctional Institution. The motion is therefore GRANTED with respect to nurses Amy Benoit, Casey Lozada and per diem nurse Andrew. The

Clerk is directed to convey this identifying information to the Department of Correction Office of Legal Affairs.

However, Lindsay also seeks leave to add a claim against Nurse Yvonne M. Marceau. Federal Rule of Civil Procedure 15(a) provides that a plaintiff may amend his complaint once, as of right within certain time limitations.  Any other amendment requires written consent of the opposing party or leave of court.  Fed. R. Civ. P. 15(a)(1) and (2).  Local court rules provide that any motion to amend "that requires leave of court shall … include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford the non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s)…."  D. Conn. L. Civ. R. 7(f).  Lindsay has already filed an Amended Complaint.  Thus, he was required to comply with Local Rule 7(f) but did not do so. His motion is denied.

In any event, the amendment is futile. Even if the court were to excuse Lindsay's failure to comply with the local rule, leave to amend would be denied because the allegations against Nurse Marceau do not state a plausible claim for deliberate indifference to his serious medical need.  Lindsay does not allege that Nurse Marceau participated in the attempt to insert the catheter and acknowledges that she is not even mentioned in the medical incident report as providing any treatment.  Lindsay alleges only that Nurse Marceau left the examination room when Nurse Shaw was calling the doctor to see whether Lindsay should be sent to the hospital. Lindsay characterizes Nurse Marceau's conduct as "unprofessional."

2

The court does not herein reiterate the standards for pleading a plausible deliberate indifference claim. They are set out in the Initial Review Order. Here, Lindsay alleges that Nurse Marceau left the treatment room after the unsuccessful attempt to insert a catheter and while Nurse Shaw was speaking with the doctor about sending him to the hospital. These allegations do not support any inference that Nurse Marceau was aware of any substantial risk to Lindsay if she left the room. Lindsay's allegation of unprofessional conduct constitutes, at most, negligence which is not cognizable under section 1983. *See Wallace v. Prison Health Care Servs., Inc*., No. C/A 4:07-388-CMC-TER, 2008 WL 725823, at *5 (D.S.C. Mar. 17, 2008) (allegation that nurse was "unprofessional and careless" constitutes, at most, medical malpractice and is insufficient to state claim for deliberate indifference to medical needs). Accordingly, the request to amend to add Nurse Marceau is futile and the motion is DENIED on this basis as well.

**Motion to Add Corrigan Staff Listed as John Does [Doc. No. 30]**

While it is not clear, the court assumes that Lindsay is seeking to reassert and elaborate on the claim against Correctional Officer Doe that was dismissed in the Initial Review Order. He seeks to assert claims against Officer John Doe, Officer Conrad and Shift Commander Freel. Again, Lindsay has not complied with the requirement of Local Rule 7(f). Thus, his motion is denied on that basis.

But again, even if the court were to excuse Lindsay's failure to comply with the local rule, leave to amend would be denied as futile. Lindsay alleges that Officer Doe should have inquired whether Lindsay had a medical problem because he was "hanging over the toilet" for hours. Doc. No. 30 at 4, ¶ 9. These allegations do not demonstrate or support even the inference that Officer Doe was aware of a substantial risk of harm to Lindsay. The allegation supports, at

3

best an inference of negligence, which is not cognizable under section 1983. Thus, Lindsay fails to state a plausible claim for deliberate indifference to serious medical needs against Officer Doe and adding him as a defendant is not warranted and is futile.

Lindsay alleges that Officer Conrad replaced Officer Doe at 8:00 a.m. When Lindsay's cell door was opened for recreation at 8:30 a.m., Lindsay told Officer Conrad that he was in severe pain and could not urinate. A correctional officer is considered deliberately indifferent to serious medical needs if he "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known" to the officer. *Medina v. Sheehan*, No. 9:16-CV-1284(TJM/DEP), 2018 WL 7460016, at *7 (N.D.N.Y. Dec. 21, 2018) (internal quotation marks and citations omitted*), report and recommendation adopted sub nom. Medina v. Sgt. Sheehan*, 2019 WL 955004 (N.D.N.Y. Feb. 27, 2019). The Second Circuit considers a delay by non-medical staff in providing medical treatment to constitute deliberate indifference where, "for example, officials deliberately delayed care as a form of punishment, … ignored a life-threatening and fast-degenerating condition[,]" or where the delay in medical treatment was so lengthy as to be considered "egregious." *Id.* (quoting *Demata v. New York State Corr. Dep't of Health Servs.*, 198 F.3d 233, at *2 (2d Cir. 1999) (table)) (internal quotation marks omitted).

Officer Conrad called the medical unit and ordered a wheelchair to take Lindsay to the medical unit. Lindsay asserts that Officer Conrad unreasonably delayed his medical care because Officer Conrad did not consider the situation an emergency and invoke emergency protocol. Lindsay has alleged no fact suggesting that Officer Conrad was aware that Lindsay's condition could be life-threatening or fast-degenerating or that it required an emergency response. Thus, he fails to satisfy the subjective component of the deliberate indifference test.

In addition, Lindsay alleges that he underwent surgery less than three hours later. Doc. No. 13-1 ¶ 10. During the three hours, he was brought to the medical unit, underwent the attempted catheter insertion by Nurse Shaw, was transported to the hospital, and was prepared for surgery. The court concludes, therefore, that any delay caused by sending him to the medical unit by a regular wheelchair request was not egregious and is insufficient to support a deliberate indifference claim.

Finally, Lindsay seeks to add a use of force claim against Shift Commander Freel for "having pig-tie a non-violence person while in a urgent medical need." Doc. No. 30 at 8 ¶ 3. Lindsay alleges that either Shift Commander Freel or Lieutenant Irizarry ordered Officer Murphy to place Lindsay in full restraints for transport to the hospital.

Use of excessive force against a prisoner can constitute cruel and unusual punishment in violation of the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *accord Wilkins v. Gaddy*, 559 U.S. 34, 36 (2010) (per curiam). The "core judicial inquiry" is not "whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins*, 559 U.S. at 37 (quoting *Hudson*, 503 U.S. at 7). To state a claim for use of excessive force, Lindsay must allege facts showing that, subjectively, the defendant acted maliciously or sadistically to cause harm rather than in a good-faith effort to maintain or restore discipline. *Hudson*, 503 U.S. at 7. To evaluate the defendant's conduct, the court considers various factors including the extent of the injuries and the mental state of the inmate; "the need for application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendant[]; and any efforts by the defendant[] to temper the severity of a

5

forceful response." *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993) (internal quotation marks omitted).

In addition, Lindsay must show, objectively, that the defendant's actions violated "contemporary standards of decency." *Blyden v. Mancusi*. 186 F.3d 252, 262-63 (2d Cir. 1999) (internal quotation marks omitted) (citing *Hudson*, 503 U.S. at 8). A *de minimis* use of force will rarely be sufficient to satisfy the objective element unless that force is also "repugnant to the conscience of mankind." *Wilkins*, 559 U.S. at 38 (quoting Hudson, 503 U.S. at 9-10 (internal quotation marks omitted)). However, it is the force used, not the injury sustained, that "ultimately counts." *Id.* A malicious use of force constitutes a per se Eighth Amendment violation because "contemporary standards of decency are always violated." *Blyden*, 186 F.3d at 263 (quoting *Hudson*, 503 U.S. at 9).

Lindsay does not allege that he suffered any injury from the application of restraints. Rather, he alleges that the time to apply the restraints delayed his transport to the hospital. Nor does he allege facts suggesting that the decision to apply the restraints was malicious or sadistic. He alleges no facts suggesting that the officers did anything other than follow prison procedures. *See Grant v. Smaldone*, No. 07-CV-0745, 2009 WL 2823736, at *7 (N.D.N.Y. Aug. 31, 2009) (application of black box to inmate for transport to hospital in accordance with institutional security procedures without aggressive action or intent to cause harm insufficient to state excessive force claim). The court concludes that Lindsay fails to allege facts to support a plausible claim for use of excessive force. His motion is denied as futile as well.

6

**Conclusion**

Lindsay's motion to add existing defendants' correct names [**Doc. No. 28**] is **GRANTED**.  His motions to add defendant Marceau [**Doc. No. 28**] and to add Corrigan staff [**Doc. No. 30**] are **DENIED.**

The Clerk is directed to contact the Department of Correction Office of Legal Affairs to ascertain the current work addresses for Dr. Ingrid Feder, Nurse Amy Benoit, Nurse Casey Lozado and to the extent available "per diem Nurse Andrew" and to serve a copy of the Amended Complaint on each defendant in their individual capacity.

**SO ORDERED** at Bridgeport, Connecticut, this 1st day of May 2020.

/s/
Kari A. Dooley
United States District Judge