UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KEVIN LINDSAY,<br>    Plaintiff, | No. 3:20-cv-173 (KAD) |
| v. | |
| UNIVERSITY OF CONNECTICUT<br>HEALTH CENTER, et al.,<br>    Defendants. | |

**ORDER RE: Motion to Review Local Rule 7(f) [Doc. No. 37] and Motion to Amend Defendants [Doc. No. 38]**

On May 1, 2020, the Court denied plaintiff Kevin Lindsay's motions to amend to add Nurse Marceau and Correctional Officers Doe as defendants for two reasons, failure to comply with Local Rule 7(f) and futility of the amendment. In response, Lindsay has filed motions in which he first requests a copy of the local rule and second seeks again to add Nurse Marceau as a defendant.

**Motion to Review Local Rule 7(f)**

Lindsay states that he was unaware of Local Rule 7(f) and the requirement that he confer with opposing counsel before seeking to file a second amended complaint. He asks the Court to send him a copy of the rule and to excuse his noncompliance. Lindsay's motion is granted to the extent that the Clerk is directed to send Lindsay a copy of Local Rule 7. Lindsay also asks the Court to excuse his failure to comply with the rule, incorrectly assuming that his failure to comply was the only reason the Court denied his motion to add defendants. The Court considered Lindsay's allegations against these defendants and determined that, even if he had complied with the local rule, leave to amend would be denied because the allegations did not

state a plausible claim against them.  Thus, to the extent Lindsay requests that his failure to comply with the rule be excused so as to permit his amendment, that request is denied.

**Motion to Amend Defendants**

In his second motion, Lindsay again attempts to add Nurse Marceau as a defendant. As leave to do so has already been denied, the Court construes this motion as a motion for reconsideration.  *See Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) ("nature of a motion is determined by its substance and not the label attached to it") (citations omitted); *see Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 909 n.10 (1990) (noting that courts construe motions according to their substance, not erroneous nomenclature). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). "Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Lindsay attempts to identify facts the Court overlooked.  First, he states that he did include Nurse Marceau as a defendant, albeit under the name Nurse Evon.  Lindsay is mistaken. The operative complaint in this action is the Amended Complaint, Doc. No. 13-1. The caption of his Amended Complaint, Doc. No. 13-1, includes five defendants: Beth Shaw CHN/RN, RN KC,

Amy RN Manoki, Loreen Williams APRN, and Andrew RN.  In the section of the Amended Complaint describing all defendants, Lindsay adds Dr. Feder and Correctional Officer Doe.  In neither location does Lindsay indicate that Nurse Marceau or Nurse Evon was intended to be a defendant in this case.  As he was specifically instructed to name as defendants all persons he alleged were deliberately indifferent to his medical needs, Nurse Marceau is not a defendant.

As the Court noted in the prior order, the only mention of Nurse Marceau in the Amended Complaint is that Nurse Evonka walked out of the treatment room.  The Court concluded that this allegation failed to state a plausible claim.  Lindsay has not identified any facts in the Amended Complaint that the Court overlooked in its decision.  Instead, he asks the Court to revisit that decision based on allegations he did not include in the Amended Complaint.  The motion for reconsideration is denied.

**Conclusion**

Lindsay's motion to review Local Rule 7(f) [**Doc. No. 37**] is **GRANTED** to the extent that the Clerk is directed to send Lindsay a copy of Local Rule 7 with this Order and **DENIED** in all other respects.  His motion to amend defendants [**Doc. No. 38**], which the Court construes as a motion for reconsideration, is  **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of May 2020.

/s/
Kari A. Dooley
United States District Judge